UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-31 |
| | ) | (PHILLIPS/SHIRLEY) |
| DEON T. PATTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties came before the Court on October 5, 2010, to address the Defendant's Motion to Suppress and Memorandum in Support [Doc. 19]. Assistant United States Attorney Cynthia Davidson was present representing the Government. Attorney Paula Voss was present and prepared to represent the Defendant, who was also present.

At the hearing, the Court and the Government were present and ready to address the Motion to Suppress [Doc. 19]. Prior to the hearing, however, the Defendant expressed his desire to obtain new counsel. After consulting with the Defendant, Attorney Voss presented these concerns to the Court and made an oral motion to withdraw as counsel. Thereafter, the Court conducted a sealed hearing to address the Defendant's representation. The Court examined Attorney Voss and the Defendant, and determined that the attorney-client relationship was irrevocably and irretrievably broken.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). The Court concludes that good cause exists to allow Attorney Voss to withdraw and to appoint new counsel for the Defendant. The Court finds that the communication between the Defendant and Attorney Voss has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, the Court finds that the Defendant's oral motion for substitution of counsel is well-taken, and it is **GRANTED**.

Attorney Gerald Gulley was present in the courtroom and agreed to accept representation of the Defendant. The Defendant agreed to the appointment of Attorney Gulley, and moreover, he agreed and acknowledged that changing attorneys at this point in this case may necessarily entail the trial of this case being reset. Attorney Voss noted that her case files were available at the Federal Defenders Office at Attorney Gulley's convenience. Attorney Gulley agreed that he would obtain any pertinent files or discovery from the Federal Defendant as soon as possible. Based on the foregoing, the Court hereby **SUBSTITUTE**S and **APPOINTS** Attorney Gerald Gulley under the Criminal Justice Act (CJA) as counsel of record for the Defendant.

Thereafter, the Court rescheduled the suppression hearing in this case. Attorney Gulley noted that he needed time to become familiar with the facts of the case and, specifically, the suppression issue. Accordingly, the Court set the suppression hearing for **November 5, 2010, at 10:00 a.m.**, to allow Attorney Gulley to become familiar with this case and prepare for a hearing on the suppression issue. Though the trial in this matter remains set for January 19, 2011, at 9:00 a.m., the issue of a continuance will be addressed, if necessary, at the suppression hearing

Attorney Gulley also indicated that he may want to pursue additional pretrial motions after reviewing the facts and procedural history of this case. The Court instructed Attorney Gulley that if he found a motion needed to be filed he shall file a motion for leave to file, and the Court will entertain the parties' positions on the particular motion at that time.

Accordingly:

1. Attorney Gerald Gulley is **SUBSTITUTED** as counsel of record for the Defendant;

2. A hearing to address the suppression issue in this case is set for **November 5, 2010, at 10:00 a.m.**; and

3. The trial in this matter remains set for **January 19, 2011, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge, though the issue of a continuance may be addressed, if necessary, at the suppression hearing.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge